IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WESLEY ALLEN ROBERTSON,**

    **Plaintiff,**

    v.                                          CASE NO.  22-3091-SAC

**(FNU) (LNU), Crawford County Sheriff, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is detained at the Crawford County Jail in Girard, Kansas. On May 23, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until June 23, 2022, in which to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court on Plaintiff's request for the appointment of counsel (Doc. 5).

Plaintiff filed a document requesting copies of his case and requesting a court appointed lawyer. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393

F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

The Court also denies Plaintiff's request to have a copy of his entire case.  There are only five documents filed in this case, two of which are his motion to proceed *in forma pauperis* and the Court's order granting that motion.  The third is Plaintiff's current request for copies of his file and for the appointment of counsel.  However, the Court will direct the Clerk to send Plaintiff a copy of the remaining two documents—his Complaint and the Court's MOSC.  The Court will also grant Plaintiff a short extension of time to respond to the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's request for the appointment of counsel (Doc. 5) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted an extension of time until **June 30, 2022,** in which to respond to the Court's MOSC at Doc. 4.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff copies of Docs. 1 and 4.

**IT IS SO ORDERED**.

**Dated June 21, 2022, in Topeka, Kansas.**

> **S/ Sam A. Crow**
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**