IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WESLEY ALLEN ROBERTSON,

    **Plaintiff,**

    v.                        CASE NO. 22-3091-SAC

(FNU) (LNU), Crawford County
Sheriff, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. At the time of filing, Plaintiff was detained at the Crawford County Jail in Girard, Kansas ("CCJ"). On May 23, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until June 23, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also given the opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC. The Court extended the deadline to June 30, 2022. (Doc. 6.) The Court's MOSC was returned as undeliverable on June 24, 2022. (Doc. 7.) Plaintiff has failed to respond by the Court's deadline and has failed to provide the Court with a change of address.[1]

Plaintiff alleges in his Complaint that there was a delay in receiving medical care for a spider bite and there was a pea-sized black object in his rice on March 7, 2022. When Plaintiff was served a replacement tray of food, he believed it was the same tray and staff had just

---

[1] The Court's Local Rules provide that a pro se party must notify the clerk in writing of any change of address and "[a]ny notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3).

scooped out the speck from the rice.  When Plaintiff rejected the tray and removed a doughnut off the tray and dropped it next to CO Emery, Emery told Plaintiff to pack his stuff and go to the hole.  When Plaintiff stated that he didn't know why he was being asked to go to the hole, Emery pushed Plaintiff, grabbed Plaintiff's t-shirt from the back and ripped it as he was trying to pull Plaintiff back, continued to push Plaintiff as he went to booking, and knocked Plaintiff's glasses off, breaking them and preventing Plaintiff from being able to see.  *Id.*   Plaintiff alleges pain and suffering for the denial of medical care from October 8 to October 25, 2021; excessive force for the March 7, 2022 incident; and cruel and unusual punishment for improper medical care for his spider bite.

The Court found in the MOSC that Plaintiff failed to show that any defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that they also drew the inference.  Plaintiff failed to allege that he suffered lifelong handicap, permanent loss, or considerable pain due to the delay in receiving medical care for his spider bite.  Plaintiff's allegations suggest, at most, negligence.  The negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation.  The Court also found that Plaintiff has not alleged wrongdoing that is objectively harmful enough to establish a constitutional violation.

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice."  (Doc. 4, at 9.)   Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated July 1, 2022, in Topeka, Kansas.**

S/ Sam A. Crow
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE
